## APOLO *vs.* KAUO.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT,
DOLE, J., Presiding.

OCTOBER TERM, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

The declaration claimed ownership of a wooden house through a bill
of sale to plaintiff's wife from P., and claimed damages for its
unlawful removal by defendant, who claimed to have bought the
house from P., before its alleged sale to plaintiff's wife. Defen-
dant took no writing from P. when he bought the house.

The Court directed the jury to find for the plaintiff and assess
damages according to the evidence, on the ground that the sale
of the house was the sale of an interest in lands, tenements or
hereditaments, and by our Statute of Frauds required a writing in
order to its validity.

Held, error. The house was under the circumstances personal pro-
perty.

OPINION OF THE COURT, BY DOLE, J.

The declaration in this case, which was originally brought
before the District Justice of Kawaihau, Island of Kauai, is in
the nature of an action of trespass, and claims two hundred
dollars damages for the unlawful removal by the defendant of a
house belonging to the plaintiff from the plaintiff's land.

It was shown in evidence that Paia, the plaintiff's father-in-
law, owned a house stationed on the land of another which he
was forced to remove by the owner of the land; the plaintiff
assisted him to take it down and transport the material to his
own (the plaintiff's) land and rebuild it there, furnishing a
considerable amount of labor and money toward the work. The
house was thenceforward occupied by Paia together with the
plaintiff and his family, a period of about six years. In Feb-
ruary, 1888, Paia, wishing to remove to another island, sought
a purchaser for the house and eventually sold it to Kauo, the

defendant, on the 11th of February, for thirty dollars and received the money but delivered no deed. In the meantime, the plaintiff had arranged to purchase the house from Paia on the 8th of February for ten dollars, which agreement was carried out on the 13th by the payment of the money and the execution of a bill of sale for the house to plaintiff's wife. On the next day the defendant took the house down in spite of plaintiff's protests and removed therefrom goods belonging to plaintiff to an exposed place where they were injured by the elements.

At the trial the Court directed the jury to find for the plaintiff and to assess damages according to the evidence, on the ground that the sale of the house was the sale of an interest in "lands, tenements or hereditaments," and by our Statute of Frauds (Civil Code, Section 1053) required a writing in order to its validity. The case comes to us upon defendant's exceptions to this instruction. The question before us is whether, under the circumstances of the case, the house was a part of the realty, or whether it was a chattel belonging to Paia, which he might dispose of by a verbal sale.

It is undoubtedly the law by weight of authority, that where one builds a house on the land of another, the house becomes a part of the realty and the property of the owner of the land, unless there is an agreement, express or implied, between the parties that it is removeable by the builder, in which case the house is personal property and may be sold without a writing. . *Thompson vs. Love*, 42 Ohio, 61 ; *Dame vs. Dame*, 38 N. H., 430 ; *Howard vs. Fessenden*, 14 Allen, 123 ; *Smith vs. Benson*, 1 Hill, 176 ; *Ford vs. Cobb*, 20 N. Y., 349-350 ; *Curtis vs. Hoyt*, 16 Conn., 164-165 : *Washburn vs. Sproat*, 16 Mass., 448 ; *Murphy vs. Marland*, 8 Cush., 578 ; *Milton vs. Colby*, 5 Met., 81.

This question, if it was open at all under the pleadings, was a question for the jury to determine and not for the Court, but we are of the opinion that the plaintiff by his declaration, in which he claims the ownership of the house through the sale to his wife above referred to, thus recognizing the house as the personal property of Paia, made it improper for the Court to con-

sider whether the house was a part of the realty. The declaration made it personal property, and as such must the issue between the parties be disposed of.

We therefore consider that the instruction of the Court on this point was incorrect, and sustain the exception thereto, and a new trial is ordered.

*W. O. Smith,* for plaintiff.

*A. Rosa,* for defendant.